UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RIGOBERTO JAIME PEREZ,

Petitioner,

v.                                                          CAUSE NO. 3:26-CV-452-CCB-SJF

BRIAN ENGLISH, et al.,

Respondents.

**OPINION AND ORDER**

Immigration detainee Rigoberto Jaime Perez, by counsel, filed a petition for a writ

of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of

the laws or Constitution of the United States. (ECF 1.)

Mr. Jaime Perez is a citizen of Mexico who entered the United States without

inspection. (ECF 1 at 4; ECF 8-2 at 2.) He claims—without contradiction by the

government—that he has been living here since 1998. (ECF 1 at 4.) He came to the

attention of immigration officials in March 2026 and was taken into custody by

Immigration and Customs Enforcement (ICE) agents in Illinois pursuant to an

administrative warrant. (ECF 8-2 at 7, 11.) He was subsequently transferred to Miami

Correctional Facility, where he remains at present pending the conclusion of his removal

proceedings. (ECF 1 at 1; ECF 8.)

Mr. Jaime Perez moved for release on bond, but an immigration judge denied his

motion, concluding that he is ineligible for bond under 8 U.S.C. § 1225(b)(2) pursuant to *In

re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (ECF 1-4 at 1.) He argues that his

continued detention without an opportunity for bond violates applicable statutes and the Fifth Amendment's Due Process Clause. (*Id.* at 16-17.) He seeks release from custody or a prompt bond hearing before an immigration judge. (*Id.* at 17-18.)

In an order to show cause, the court directed the Respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 5.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Respondents answered the petition (ECF 8), and Mr. Jaime Perez filed a reply (ECF 11).

The Respondents repeat their argument from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Jaime Perez is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking admission" within the meaning of that statute. (ECF 8.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit held in deciding a motion for a stay pending appeal that the government was not

likely to succeed on its argument that the mandatory detention provision contained in § 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States.[1] *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) does not apply to individuals like Mr. Jaime Perez who are arrested within the interior of the country years after their arrival. That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306.

Here, Mr. Jaime Perez was arrested pursuant to a warrant, which accords with § 1226(a). (ECF 8-2 at 11.) However, he was denied an opportunity for bond because an immigration judge determined that he is categorically ineligible for bond under § 1225(b)(2). (ECF 1-4 at 1.) This was error for the reasons previously explained. The court concludes that the appropriate remedy in this situation is an order requiring the

---

[1] The Second Circuit recently rejected the government's interpretation of § 1225(b)(2). *See Cunha v. Freden*, ___F.4th___, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). The court is aware of the 2-1 opinions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), reaching a different conclusion. These opinions are not binding in this Circuit, and the court remains convinced that its analysis of § 1225(b)(2) is sound until guidance comes from the Seventh Circuit.

government to provide him with a prompt bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations.[2] *See Cornejo Rivera v. Olson*, No. 3:25-CV-1090-CCB-SJF, 2026 WL 81753 (N.D. Ind. Jan. 12, 2026) (Brisco, J.).

The Respondents argue that the court should not grant Mr. Jaime Perez any relief until he exhausts all available administrative remedies, including filing an appeal to the Board of Immigration Appeals (BIA). (ECF 8 at 6.) "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

Mr. Jaime Perez argues that an appeal would be futile in light of the BIA's decision in *Hurtado* holding that noncitizens without legal status are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (ECF 1 at 3.) The court agrees, because it is evident from the record (and from the many other habeas petitions filed in this District in recent

---

[2] The Respondents point out that Mr. Jaime Perez has prior arrests in Illinois. (ECF 8 at 3.) He argues that none of these arrests resulted in a conviction. (ECF 11.) The Respondents do not argue that Mr. Jaime Perez is ineligible for bond because of a criminal record, and so the court does not explore this matter further. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) ("In our adversarial system of adjudication, we follow the principle of party presentation. The parties frame the issues for decision, while the court serves as neutral arbiter of matters the parties present." (internal citations and quotation marks omitted)).

months) that the government views individuals like Mr. Jaime Perez as categorically ineligible for bond.

Recent proceedings in a case out of California further support the conclusion that it would be futile to require Mr. Jaime Perez to appeal to the BIA before granting him habeas relief. In February 2026, a judge in the Central District of California issued an order vacating *Hurtado* on behalf of a nationwide class of individuals who were arrested by ICE within the interior of the United States and denied an opportunity for bond. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), *appeal docketed*, *In re Lazaro Maldonado Bautista*, No. 26-1044 (9th Cir. Feb. 23, 2026). The government has appealed, and, at the government's request, the Ninth Circuit recently stayed the court's class certification order and final judgment "insofar as they extend beyond the Central District of California," and stayed the court's post-judgment order vacating *Hurtado* in its entirety. *Maldonado Bautista*, No. 26-1044 (9th Cir. order dated Mar. 31, 2026). The district judge's decision vacating *Hurtado* is thus unlikely to change the outcome of a bond request or appeal filed by an individual like Mr. Jaime Perez, who is outside of California. These recent proceedings also confirm that the government remains committed to its interpretation of § 1225(b)(2), notwithstanding the prior rulings of this court and many others across the country. The court finds that the exhaustion doctrine does not present a barrier to relief in this case.

Mr. Jaime Perez presses for outright release, but the court views the opportunity for an individualized bond hearing as the correct remedy. He was detained pursuant to a warrant issued by an immigration officer in accordance with 8 U.S.C. § 1226, and it is for

the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). He asks that the hearing occur within five days, but in light of current immigration caseloads and the reasonably short amount of time he has been in custody, the court will afford the government seven days to provide him a hearing. If the government does not provide him with an individualized bond hearing by the deadline below, then he must be released, because his continued detention without an opportunity for bond is unlawful. 8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 306.

Because the court concludes that he is entitled to relief as a matter of statutory law, the court does not reach his alternate argument that his detention without an opportunity for bond violates the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds."). The court also does not reach his argument that the government should bear the burden of proving that he is not entitled to release at any bond hearing that occurs. (ECF 11 at 9-10.) This conflicts with usual procedures, which provide that "[t]o secure release, the alien must show that he does not pose a danger to the community and that he is likely to appear for future proceedings." *Johnson*, 594 U.S. at 527. At this point, it is unclear how the government intends to proceed now that the court has determined Mr. Jaime Perez cannot be held without bond under 8 U.S.C. § 1225(b)(2). It may decide to release him, or if he is

6

given a bond hearing he might prevail before an immigration judge or be able to obtain relief from the BIA. Without a prior denial of bond on the merits that is alleged to be erroneous, the court leaves the parties to follow the usual process under § 1226.

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the petition (ECF 1) and ORDERS the respondents to release Rigoberto Jaime Perez on or before **May 7, 2026**, unless he is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and corresponding regulations;

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order; and

(3) **ORDERS** the Warden to file proof of compliance with this order by **May 8, 2026.**

SO ORDERED on April 30, 2026.

_/s/ Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT